**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COMMERCIAL FORGED PRODUCTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 10250 |
| v. | ) | |
| | ) | |
| BEST SWIVEL JOINTS, L.P., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's motion to stay this case pending the outcome of related state-court proceedings. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Having considered all of the parties' original and supplemental submissions, this Court concludes that this is one of the "exceptional" situations in which it is appropriate to stay a pending federal case pursuant to the *Colorado River* abstention doctrine. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983); *see Colorado River*, 424 U.S. at 813.

## BACKGROUND

Commercial Forged Products ("CFP") and Best Swivel Joints ("Best") are both manufacturers in the petroleum industry. This dispute arises from Best's purchase of pup joints[1] from CFP, which contracted with Best to manufacture the parts according to Best's specifications. According to Best, CFP supplied defective products, and after having them inspected, Best rejected them and did not pay. CFP invoiced Best for the parts anyway. Best then sued CFP in Texas state court for negligence and breach of contract. CFP answered the

---

[1] A pup joint is "a pipe of varying length with a machined end and a union nut end for assembly in the field." Memorandum, Dkt. # 7 at 3.

complaint and then removed the case to the Southern District of Texas based up the parties' diversity of citizenship. The case, which was filed on September 25, 2012, and removed on November 8, 2012, proceeded to discovery, and on May 1, 2013, Best amended its complaint to add a new defendant, Bodycote Thermal Processing, a Delaware corporation with its principal place of business in Texas. This destroyed complete diversity of citizenship among the parties, and the case was remanded to state court on August 24, 2013.

In the meantime, on November 20, 2012, CFP (an Illinois corporation) had sued Best in Illinois state court, and Best removed that case to the Northern District on December 21, 2012. Best then moved almost immediately to transfer this case to the Southern District of Texas to be handled in conjunction with the pending action there, or, alternatively, to stay this action pending the outcome of the federal case in Texas. When the Texas case was remanded to state court, Best appropriately dropped its request to transfer the case—as this Court cannot transfer a federal case to a state court—but renewed its request for a stay of this litigation. CFP opposes the request.

## DISCUSSION

The threshold question in applying *Colorado River* abstention is whether the state and federal cases are parallel; that is, whether substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *Huon v. Johnson & Bell Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quotation marks and citations omitted). The critical question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *Id*. It is not necessary that there be "formal symmetry between the two actions," but the Court must compare the federal and state complaints and determine, among other things, whether the suits "involve the same parties, arise out of the same facts, and raise similar factual

and legal issues." *Tyrer v. City of South Beloit*, 456 F.3d 744, 752 (7th Cir. 2006) (citing *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004).

In the Texas case, Best brought claims of negligence and breach of contract against CFP in connection with the delivery of faulty pup joints pursuant to certain purchase orders. In its amended complaint, Best reprised its original claims and added as defendants Wozniak Industries (CFP's parent company), and Bodycote, as well as claims of negligent misrepresentation, deceptive trade practices (pursuant to Texas statute), and breach of warranty pursuant to the Uniform Commercial Code and its Texas equivalent. BodyCote answered and cross-claimed against CFP/Wozniak for negligence, defamation, and contribution. CFP/Wozniak answered and counter-claimed against Best for a "declaratory judgment of non-liability." In this Court, the operative complaint remains CFP's Illinois state-court complaint for breach of contract and unjust enrichment, relating to five purchase orders originating between August and December 2011. There is no dispute that these are the very same orders that precipitated Best's Texas lawsuit. CFP alleges that it completed the orders, which Best improperly refused and failed to pay for. Best has not answered the complaint.

The Court easily concludes after its review of the pleadings that substantially the same parties are contemporaneously litigating substantially the same issues in another forum, and therefore, that the cases are parallel. *See Huon*, 657 F.3d at 646. The Texas case and this one are parallel; indeed, they are mirror images, with some adornment in the Texas case in the nature of additional claims and parties. There is no question that the state and federal claims involve the same parties, arise out of the same facts, and raise similar factual and legal issues.

CFP's very brief argument to the contrary is unpersuasive. It ignores the crucial questions of whether the same factual and legal issues are present in both cases, whether they

arise out of the same facts, and whether the parties are the same. Instead, it argues, colorfully, that in contrast to its simple claim here based on an "unpaid tab," the Texas case "involves more parties and will devolve into a convoluted, expert-laden game of finger-pointing with no end in sight." Memorandum, Dkt. # 20 at 4. At present the Texas case is broader, to be sure, but at its core is the contractual liability of Best and CFP and that is, for now, the only question presented in this case. But Best has not answered or filed any counterclaims in this case yet; it could wind up just as expansive as the Texas case once it gets underway.[2] Most importantly, though, every claim that exists in this case (or that is likely to be added) is already part of the Texas case, creating a substantial likelihood that the state litigation will dispose of all of the claims presented in the federal case.

After determining that the cases are parallel, the Court must next determine whether "exceptional circumstances" make abstention appropriate. *See Tyrer*, 456 F.3d at 754. To aid this inquiry, *Colorado River* set forth four factors, *see* 424 U.S. at 818-19; the Supreme Court then recognized another in *Moses H. Cone Memorial Hospital*, 460 U.S. at 24; and the Seventh Circuit has since brought the list up to an even ten. *Tyrer*, 456 F.3d at 754. They are: "1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim." *Id.* (quoting *Caminiti &*

---

[2] Best represents that if it must defend the suit in this Court, it will assert defenses and counterclaims that parallel its affirmative claims in the Texas case, including claims under Texas statutes. Indeed, it seems likely that joinder of those claims would be required under Rule 13(a).

4

*Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992). Although the factors provide guidance, the decision to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

In this case, a few of the factors are inapplicable or neutral. First, the state has not assumed jurisdiction over property. Second and third, as to the presence or absence of concurrent jurisdiction and the ability of the state court to protect the federal plaintiff's rights, both courts can hear the claims brought in these cases, all of which are grounded in state law, and no one would be without a remedy in Texas. Fourth, regarding "the vexatious or contrived nature of the federal claim," the Court notes that CFP's complaint perhaps oversells the extent to which the underlying occurrence took place in Illinois, but Best has not shown grounds for concluding that CFP's claims here were not brought in good faith. Indeed, CFP did not intend to bring this action as "federal" case; it is at Best's behest that the case is now in federal court.

CFP argues that the concurrent jurisdiction factor, which it agrees is neutral, actually weighs against abstention because where concurrent jurisdiction exists, the federal court has a duty to exercise its jurisdiction where a plaintiff chooses to litigate its claim in the federal forum. Memorandum, Dkt. # 20 at 10. Indeed, the Seventh Circuit reaffirmed this principle in *Huon* as to any factor that weighs neutrally: "because of the presumption against abstention, absent or neutral factors weigh in favor of exercising jurisdiction." 657 F.3d at 648. The Court defaults to that position and therefore counts in the pro-CFP column the factors of whether the state court assumed jurisdiction over property and whether the federal litigation is vexatious. However, the Court does not find it appropriate to do the same with respect to the concurrent jurisdiction factor. CFP, the plaintiff, filed suit in Illinois state court, deliberately eschewing a federal forum;

it would be incongruous to pretend that CFP cared about accessing a federal forum. *See Tyrer*, 456 F.3d at 757 (noting that plaintiff opposing abstention initially "chose to bring his federal claims first in a state forum"). CFP makes a similarly disingenuous argument as to the factor examining the availability of removal, lamenting that if this Court abstains, it "will be deprived of its opportunity to litigate its claim in federal court." Again, CFP did not choose federal court as the forum for its claims, so its complaint that abstention would make it "a second class litigant" because this is a diversity case is utterly unavailing. That neutral factor therefore should not weigh against abstention under the circumstances of this case.

The only other factors that even possibly weigh against abstention are the availability of removal and the adequacy of the Texas forum. As already discussed, the removal option is unavailable in Texas because the district court remanded the Texas case once non-diverse Bodycote became a defendant in the case. But CFP should not be heard to complain about the unavailability of a federal forum when its own choice for this action was an Illinois state court, not federal court. As for the adequacy of the Texas forum, even if, as CFG asserts, Illinois law governs the contract, the Texas court is perfectly equipped to adjudicate the straightforward claims of nonpayment that CFP brought here. As Best points out, CFP filed affirmative defenses of breach of contract and unjust enrichment in the Texas litigation, so it has already put its arguments before the Texas court. And as noted above, it is likely that if this case were to go forward here, Best would likely assert claims and defenses under Texas statutory law, with which the Texas state court is, of course, better acquainted than a federal district court in Illinois.

On the other side of the scale, several of the factors favor abstention. In the Court's view, the strongest reasons for abstention are that (1) state law governs the claims, and therefore there is no federal interest and no particular expertise for this Court to apply; (2) the Texas case was

6

filed first; and (3) the Texas case is farther along than this one,[3] with the parties already having engaged in substantial discovery and brought all necessary parties into the case. The Court further concludes that Texas is at least a marginally more convenient forum for the parties and witnesses in this case. CFP is an Illinois company that understandably prefers to litigate here, but it appeared in the Texas case, with local Texas attorneys, and it never argued that Texas was an inconvenient or improper forum. And Texas is where Best ordered the products and where they were shipped, inspected, and rejected; it is also where Bodycote did most of the heat-treating that might be the source of the defect in the pup joints. Best and Bodycote are both based in Texas. Finally, the policy against piecemeal litigation certainly favors staying this case in favor of the one that is more advanced and was filed first. It is not an effective use of judicial resources to have courts in two jurisdictions examining the same legal and factual issues arising from the same contract.

Having balanced all the relevant factors, this Court concludes that abstention is appropriate. The factors that favor abstention do so strongly, while the factors weighing against abstention do so weakly. *See Tyrer*, 456 F.3d at 755 (no abuse of discretion to abstain where "several of the relevant factors strongly support" decision not to exercise jurisdiction). It is really only the presumption that makes it a discussion. But that presumption has been overcome by the exceptional circumstances present here.

The final question is the proper disposition. *Colorado River* abstention "can take the form either of a stay or of a dismissal." *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 687 F.3d 362,

---

[3] Having reviewed the Southern District of Texas docket sheet, the Court rejects CFP's assertion (*see* Memorandum, Dkt. # 20 at 9) that the parties are "not yet truly at issue" in the Texas litigation. They are. And the fact that Best has not even answered in this case yet, let alone brought in other parties (which will further delay the proceedings here), positions this case substantially behind the one in Texas.

364 (7th Cir. 2012). However, if the condition for abstention is met—"that the parties' dispute should be litigated to judgment in the state court, obviating further proceedings in federal court"—the distinction between a stay and dismissal is illusory. *Id*. at 364, 365. In cases where abstention is appropriate, the state court judgment "would be *res judicata* in the federal court and thus end the federal suit, making the stay the practical equivalent of a dismissal with prejudice." *Id*. at 364. This Court sees no reason to retain jurisdiction over this case only so that the party who succeeds on the breach-of-contract claim in state court can rush back with a *res judicata* argument. Accordingly, the Court grants Best's motion for abstention and dismisses this case. The dismissal is without prejudice, of course, to the parties' claims and defenses in the Texas proceeding, but it is with prejudice to their ability to litigate in this Court and so constitutes a final, appealable, order.

Date: September 13, 2013

_____
John J. Tharp, Jr.
United States District Judge